# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

Docket Number(s): 22-2851

Motion for: Moving Motion to Dismiss

Caption [use short title]

ISRAEL SCHVIMER

V,

RODERICK RANDALL

Set forth below precise, complete statement of relief sought:

This matter was already rulled and dismissed by Judge Kuntz

on 2-24-2020. Since then I was never served with any papers

regarding this matter as the 2nd Amendment complaint

not in 2021 and again current in 2022 i have not been served

any papers. In adition I have no involvement in litigation

Between Plaintif and ACS

MOVING PARTY: Azriel Katz              OPPOSING PARTY: David E. Oles attorney for Israel & Miiam Schvimer

- [ ] Plaintiff   [✔] Defendant
- [ ] Appellant/Petitioner   [ ] Appellee/Respondent

MOVING ATTORNEY: _____   OPPOSING ATTORNEY: _____

[name of attorney, with firm, address, phone number and e-mail]

Court- Judge/ Agency appealed from: DC Judge Chen   DC Judge Cho

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[✔] Yes [ ] No (explain): _____

Opposing counsel's position on motion:
[ ] Unopposed [✔] Opposed [ ] Don't Know
Does opposing counsel intend to file a response:
[ ] Yes [ ] No [✔] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? [ ] Yes [ ] No
Has this relief been previously sought in this court? [ ] Yes [ ] No
Requested return date and explanation of emergency:

_____
_____
_____
_____

Is oral argument on motion requested? [ ] Yes [✔] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? [ ] Yes [✔] No If yes, enter date: _____

Signature of Moving Attorney:

_____ Date: 11/2/22   Service by: [ ] CM/ECF [✔] Other [Attach proof of service]

Mailed with Certified mail

Form T-1080 (rev. 12-13)

Azriel Katz

407 Marcy Av. 4-A Brooklyn NY 11206

347-392-7965

United State Court of appeals for second Circuit

Thurgood Marshal U.S. Courthouse

40 Foley Square New Yok NY 10007

## Court of Appeals Docket #22-2851

## Original DC Docket #18-cv-7419

I (Anonymous) v. The Office of Court Adminitra

This is an official notice to the court.

That I Azriel Katz had so far not received any documents from Mr. and Mrs. Schvimmer. From the entire Schvimmer's brief filed on 9/8/2020, and same to the filing of 2nd Amended complaint filed on June 21, 2021, Furthermore I had not been served with the current Docket #22-2851 filling of 10/26/2022, nothing was delivered to me, not by regular mail, and not even by email. I'm just replying to the court since I got this Docketing notice from the court to provide this document within 14 days.

In addition, As I stated in my Declaration to the United States Eastern of District Court of NY. Even if the Court is able to discern the nature of the Plaintiff's pleading, the conduct that apparently is alleged is not actionable. At best, the Plaintiff claims that I am an agent/employee for NYC-ACS, which I am not, and that I receive funding from NYC-ACS, which is also baseless and untrue. It is alleged that I had full knowledge of the alleged wrongs committed against them and because I did not do anything to stop said wrongs, I therefore share blame. which again is an unsupported allegation which is false.

    1.    I am not and have never been an employee or agent for the

Administration for Children's Services New York.

2. I have not and never had any involvement in the ongoing litigation between the Plaintiffs and the Administration for Children's Services New York.

3. Upon information and belief, the Plaintiffs have included me in this litigation either by mistake or utter conjecture.

4. There is nothing added any new allegation against me, in the new complaints or appeal. Since last action I left of, was on Feb. 24, 2020 when I received from the court that Honorable Judge William F. Kunitz has granted the motion to dismiss. Therefore, I'm just as a respect to the Judge I'm just resubmitting the same old request to continue having me dismissed.

These conclusory allegations are not only baseless but not supported by any other allegations. Accordingly, to include me in the Complaint as part of the agency is legally deficient and my name should even be removed from the entire claim.

Dated: November 15, 2022

Respectfully submitted,

RABBI AZRIEL KATZ, PRO SE.

/s/Azriel Katz

YOEL WEISZ
Notary Public - State of New York
No. 01WE6085960
Qualified in Kings County
Commission Expires Jan. 13, 20

P.S. hard copy was mailed out to the court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
ISRAEL SCHVIMMER and MIRIAM
SCHVIMMER,

                Plaintiffs,                             JUDGMENT
                                                            18-CV-7419 (WFK)

                v.

THE OFFICE OF COURT ADMINISTRATION,
*et al.,*

                Defendants,
------------------------------------------------------------------ X

A Decision and Order of Honorable William F. Kuntz II, United States District Judge,

having been filed on February 20, 2020, granting Defendants' motions to dismiss in their

entirety; and denying Plaintiffs leave to amend; it is

ORDERED and ADJUDGED that Defendants' motions to dismiss are granted in their

entirety; that requests for costs and attorneys' fees are without merit; and that Plaintiffs are

denied leave to amend.

Dated: Brooklyn, NY                           Douglas C. Palmer
       February 24, 2020                    Clerk of Court

                                       By:    */s/Jalitza Poveda*
                                              Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ISRAEL SCHVIMMER & MIRIAM
SCHVIMMER,

      Plaintiff,

  -against-

RABBI AZRIEL JUDA KATZ, et al.,

      Defendants.

-------------------------------------------------------------X

Case No. CV 18 - 7419

RECEIVED 2022 NOV 21 PM 12:45 U.S. COURT OF APPEALS CLERK'S OFFICE

## NOTICE OF MOTION TO DISMISS 2nd AMENDED COMPLAINT

**PLEASE TAKE NOTICE** that upon the annexed Declaration of Azriel Katz dated October 3, 2021, and the accompanying Memorandum of Law, defendant Azriel Katz, will move this Court, before the Honorable Judge Pamela K. Chen, at the United States Courthouse, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, on the date and time designated by the Court, for an Order pursuant to Rule 12 of the Federal Rules of Civil Procedure dismissing the Amended Complaint with prejudice.

Pursuant to the briefing schedule set by the Court on August 24, 2021, responding papers was due on or before 10/22/2021, and reply papers are due on or before December 6, 2021.

However, I have never been served this 2nd Amended complaint. I have now just received a letter from plaintiff's attorney stating that the Honorable Judge Pamela K. Chen, has directed him to reach out to ne and notify me about the status of the case that I was the only defendant not in attendance and where the only one how was not seeking to file a motion to dismiss. This is my earliest availability to reply after receiving this letter, as a courtesy and respect, although I have still not been served.

Dated: Brooklyn, New York

October 5, 2021

Respectfully submitted,

/s/ AZRIEL KATZ

Defendant Pro se

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ISRAEL SCHVIMMER & MIRIAM
SCHVIMMER,

Case No. CV 18 - 7419

Plaintiff,

DECLARATION OF
AZRIEL KATZ
-against-

IN SUPPORT OF
MOTION TO DISMISS THE
RABBI AZRIEL JUDA KATZ, et al.,

AMENDED COMPLAINT

Defendants.

------------------------------------------------------------X

Azriel Katz, , declares pursuant to 28 U.S.C. § 1746 as follows:

1.    I am a *pro se* defendant in the above captioned case.

2.    I respectfully submit this declaration to put before the Court certain facts
the Court may consider in assessing the sufficiency and plausibility of the pleadings.

3.    I am not and have never been an employee or agent for the Administration
for Children's Services New York.

4.    I have not and never had any involvement in the ongoing litigation between
the Plaintiffs and the Administration for Children's Services New York.

5.    Upon information and belief, the Plaintiffs have included me in this
litigation either by mistake or utter conjecture.

Dated: New York, New York
     May 28, 2019

_____
                    AZRIEL KATZ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                  :

ISRAEL SCHVIMMER & MIRIAM
SCHVIMMER,                      :

                  :     Case No. CV 18 - 7419

              Plaintiff,         :

-against-                 :

RABBI AZRIEL JUDA KATZ, et al.,      :

             Defendants.       :

-------------------------------------------------------------X

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ................................................................................................2

TABLE OF AUTHORITIES ........................................................................................3

PRELIMINARY STATEMENT ..................................................................................6

FACTUAL ALLEGATIONS ........................................................................................6

ARGUMENT..................................................................................................................7

    STANDARD ON A MOTION TO DISMISS.................................................7

    THE PLAINTIFF's CLAIM OF A CONSPIRACY IS UNSUPPORTED AND
    CONCLUSORY ............................................................................................8

    THE DEFENDANTS WERE NOT STATE ACTORS WITHIN THE
    MEANING OF § 1983 .................................................................................10

    THERE IS NO BASIS FOR LIABILITY UNDER 42 U.S.C. § 1985(2) ........................10

    THE STATE LAW CLAIMS SHOULD SIMILARLY BE DISMISSEDError! Bookmark not defined

CONCLUSION...........................................................................................................11

## TABLE OF AUTHORITIES

Page

Cases

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ........................................................................................................1, 9, 15

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ........................................................................................................1, 9, 15

*Benavidez v. Gunnell,*
722 F.2d 615 (10th Cir.1983)....................................................................................................12

*Butler v. Goldblatt Bros.,*
589 F.2d 323 (7th Cir. 1978)......................................................................................................12

*Cairo v. Skow,*
510 F. Supp. 201 (E.D. Wis. 1981).............................................................................................10

*Carnegie Mellon University v. Cohill,*
484 U.S. 343 (1988)....................................................................................................................15

*Ciambriello v. County of Nassau,*
292 F.3d 307 (2d Cir. 2002)........................................................................................................11

*Cunningham v. Hagedorn,*
72 A.D.2d 702 (1st Dep't 1979)..................................................................................................10

*Dahlberg v. Becker,*
748 F.2d 85 (2d Cir. 1984)..........................................................................................................12

*Danahy v. Meese,*
84 A.D.2d 670 (4th Dep't 1981) ................................................................................................10

*First Nationwide Bank v. Gelt Funding Corp.,*
27 F.3d 763 (2d Cir. 1994), cert. denied, 513 U.S. 1079 (1995) ................................................8

*Ginsberg v. Healey Car & Truck Leasing, Inc.,*
189 F.3d 268 (2d Cir.1999).........................................................................................................12

*Heart Disease Research Foundation v. General Motors Corp.,*
463 F.2d 98 (2d Cir. 1972)..........................................................................................................10

*Hewitt v. City of New York,*
No. 09-CV-214, 2012 WL 4503277 (E.D.N.Y. 2012)................................................................13

3

*Innovative Networks, Inc. v. Satellite Airlines Ticketing Ctrs., Inc.,*
　871 F. Supp. 709 (S.D.N.Y. 1995) ................................................................................9

*Kash v. Honey,*
　38 Fed.Appx. 73 (2d Cir. 2002) ................................................................................13

*Keating v. Carey,*
　706 F.2d 377 (2d Cir.1983) ................................................................................14

*Lienau v. Garcia,*
　No. 12-CV-6572, 2013 WL 6697834 (S.D.N.Y. Dec. 19, 2013) ................................12

*Marcus v. AT&T Corp.,*
　138 F.3d 46 (2d Cir. 1998) ................................................................................15

*Michaels v. New York,*
　No. 10 Civ 2666 (SHS), 2011 WL 570125 (Feb. 16, 2011 S.D.N.Y.) ................5, 8

*Morris v. City of New York,*
　No. 14-CV-1749, 2014 WL 1757514 (E.D.N.Y. May 1, 2014) ................................10, 11

*Obilo v. City Univ. of City of New York,*
　01-CV-5118, 2003 WL 180947 (E.D.N.Y. Apr. 7, 2003) ................................4

*Ostrer v. Aronwald,*
　567 F.2d 551 (2d Cir. 1977) (per curiam) ................................................................10

*Rohman v. New York City Trans. Auth.,*
　215 F.3d 208 (2d Cir. 2000) ................................................................................13

*Roth v. Jennings,*
　489 F.3d 499 (2d Cir. 2007) ................................................................................4

*San Filippo v. U.S. Trust Co.,*
　737 F.2d 246 (2d Cir. 1984) ................................................................................11

*Sankar v. City of New York,*
　867 F. Supp. 2d 297 (E.D.N.Y. 2012) ................................................................................13

*Schlotthauer v. Sanders,*
　153 A.D.2d 729 (2d Dep't 1989) ................................................................................10

*Serbalik v. Gray,*
　27 F.Supp.2d 127 (N.D.N.Y. 1998) ................................................................................12

*Simon v. City of New York,*
　No. 12-CV-1596 (CBA), 2012 WL 4863368 (E.D.N.Y. Oct. 11, 2012) ................................14

4

*Tops Marks, Inc. v. Quality Markets, Inc.,*
   142 F.3d 90 (2d Cir. 1998)................................................................15

*Waller v. Butkovich,*
   584 F. Supp. 909 (M.D.N.C. 1984)...................................................10

*Zemsky v. City of New York,*
   821 F.2d 148 (2d Cir.1987)..............................................................14

## Statutes

28 U.S.C. § 1367(c)(3) ......................................................................15

42 U.S.C. § 1983...............................................................2, 11, 12, 13

## Other Authorities

2A J. Moore, J. Lucas, G. Grotheer,
   MOORE'S FEDERAL PRACTICE ¶ 8.17[5] at 8.123 (2d ed. 1987)..........10

5 C. Wright & A. Miller,
   FEDERAL PRACTICE & PROCEDURE, § 1233 at 181 (1969).................10

## Rules

FED. R. CIV. P. 8 .................................................................................1

FED. R. CIV. P. 9(b) ............................................................................1

FED. R. CIV. P. 12 .........................................................................4, 15

FED. R. CIV. P. 12(b)(1)..................................................................1, 15

FED. R. CIV. P. 12(b)(6)..................................................................1, 15

Defendant Azriel Katz, pursuant to Federal Rule of Civil Procedure 12, hereby submit this memorandum of law in support of his motion to dismiss the complaint, and respectfully show the Court as follows:

## PRELIMINARY STATEMENT

The Plaintiff in this action alleges the defendants in this action acted in concert to violate plaintiff's civil rights, due process, and their rights to life liberty and justice. However, as is readily evident from the pleadings, the complaint is wholly conclusory and utterly devoid of the type of threshold allegations required by FED. R. CIV. P. 8 and 9(b). A simple application of the pleading standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) should result in a dismissal of the pleadings.

Even if the Court is able to discern the nature of the Plaintiff's pleading, the conduct that apparently is alleged is not actionable. At best, the Plaintiff claims that I am an agent for NYC-ACS, which I am not, and that I receive funding from NYC-ACS, which I do not. It is further alleged that I had full knowledge of the alleged wrongs committed against them and because I did not do anything to stop said wrongs, I therefore share blame. These conclusory allegations are not only baseless but not supported by any other allegations. Accordingly, and as demonstrated below, the Complaint is legally deficient and should be dismissed.

## FACTUAL ALLEGATIONS

The Complaint – which is at times difficult to decipher – alleges that the Plaintiff's civil rights have been infringed upon by a grand conspiracy of State and non-state actors. *See* Complaint [Ex. A] ¶ 36. The Plaintiff allegations of all the Defendants results of a "conspiracy" between all the defendants (dozens of public servants and private individuals) – although, no specific allegations are made concerning the details of this conspiracy. *See* Complaint ¶¶ 1, 44 (alleging generally the existence of a conspiracy without any detail).

6

The Complaint nevertheless seeks to hold all the moving defendants liable for a range of legal claims, including: violation of 18 § USC §§ 1961-68 Racketeering ("RICO"), 18 USC § 1951 ("HOBBS Act) (Extortion by force, violence and fear), 18 USC §§ 1341 (mail fraud and other frauds and 1343 (wire and electronic fraud).

There is no specific or plausible allegation in the Complaint that I took any actions which support the Plaintiff's claims nor is there any factual basis to support the allegation that I am in any way employed by ACS-NY, as I am not.

ARGUMENT

## I.   STANDARD ON A MOTION TO DISMISS

A court does not accept as true on a motion to dismiss "conclusions of law or unwarranted deductions of fact." *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994) (citation and internal quotation marks omitted), cert. denied, 513 U.S. 1079 (1995).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678-79 (citation omitted); *see also Twombly*, 555 U.S. at 555 (stating that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can

7

provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. *Iqbal*, 556 U.S. at 679. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement' will not suffice." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 555 U.S. at 557).

## II.    THE PLAINTIFF'S CLAIM OF A CONSPIRACY AND ANGENCY IS UNSUPPORTED AND CONCLUSORY

All of the Plaintiff's federal civil rights claims against me flow from an allegation that the defendants entered into some sort of conspiracy with ACS-NY to deprive the Plaintiff of their Constitutional rights, and that I am their agent. Consequently, to the extent the Plaintiff's allegations of that I acted as an agent for ACS-NY, or that there was a "conspiracy" fails, all of the Plaintiff's legal claims must fail as well. Indeed, conspiracy itself is not an independent tort, but rather, is a derivative claim of an underlying substantive tort. *See, e.g., Innovative Networks, Inc. v. Satellite Airlines Ticketing Ctrs., Inc.*, 871 F.Supp. 709, 731 (S.D.N.Y. 1995) (citing *Danahy v. Meese*, 84 A.D.2d 670, 446 N.Y.S.2d 611, 614 (4th Dep't 1981); *Cunningham v. Hagedorn*, 72 A.D.2d 702, 422 N.Y.S.2d 70, 73 (1st Dep't 1979)); *see also Schlotthauer v. Sanders*, 153 A.D.2d 729, 545 N.Y.S.2d 196, 197 (2d Dep't 1989). Furthermore, Plaintiffs have not alleged any facts to support their claim that I acted as "agent" to NYC-ACS. I am not employed by NYC-ACS nor have I ever received funding from NYC-ACS. Plaintiff have failed to allege any facts which support said allegations.

It is well-settled that conclusory allegations or a bare-bones statement of conspiracy will not withstand a motion to dismiss. *See Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977) (per curiam) ("At best, there is a vague claim that appellees are linked to a broad conspiracy, involving other federal and state agencies ... In this case, appellants' unsupported allegations, which fail to specify in detail the factual basis necessary to enable appellees intelligently to

8

prepare their defense, will not suffice to sustain a claim of governmental conspiracy to deprive appellants of their constitutional rights."); *see also Heart Disease Research Foundation v. General Motors Corp.*, 463 F.2d 98, 100 (2d Cir. 1972); *Waller v. Butkovich*, 584 F. Supp. 909, 931 (M.D.N.C. 1984); *Cairo v. Skow*, 510 F. Supp. 201, 206 (E.D. Wis. 1981); 2A J. Moore, J. Lucas, G. Grotheer, MOORE'S FEDERAL PRACTICE ¶ 8.17[5] at 8.123 (2d ed. 1987); 5 C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE, § 1233 at 181 (1969).

Of course, this is precisely what the Plaintiffs have done. They have pleaded in absolute cursory fashion the implausible existence of a "conspiracy." *See e.g.*, Complaint (alleging generally the existence of a conspiracy without any detail). These bare legal recitations and conclusions – unsupported by any plausible pleading or factual development – must fail under the pleading standards annunciated in *Iqbal* and *Twombly*, 556 U.S. 662 (2009), 550 U.S. 544 (2007).

This Court recently dismissed a similar lawsuit that alleged in cursory fashion the existence of a conspiracy between certain police officers and various private individuals. In *Morris v. City of New York*, No. 14-CV-1749 (JG) (LB), 2014 WL 1757514 (E.D.N.Y. May 1, 2014), this Court found that the plaintiff's allegations of a "conspiracy" between certain private individuals and police officers were "conclusory." *Id.* at *6. The Court determined that the plaintiff's "allegations do not support an inference that any of the civilian defendants conspired with the NYPD ... for the purpose of violating [the plaintiff's] constitutional rights." *Id.* Indeed, the only difference between the present action and *Morris* is that in *Morris* the complaint offered *more* detail than the pleadings herein.

Accordingly, the Court should dismiss the claims against me for the same reason it dismissed the claims against the individual defendants in *Morris. See also Ciambriello v. County*

9

*of Nassau*, 292 F.3d 307 (2d Cir. 2002) (affirming dismissal of 1983 claims based on conclusory and unsupported allegations of a "conspiracy"); *San Filippo v. U.S. Trust Co.*, 737 F.2d 246, 256 (2d Cir. 1984) ("at no point in the proceedings has plaintiff alleged one shred of evidence in support of his conclusory assertion of conspiracy, beyond the fact that A.D.A. Crosson and Detective Woike met with defendants prior to their grand jury testimony .... We therefore hold that plaintiff's conclusory allegations of conspiracy are insufficient [on a motion to dismiss]").

## III.    THE DEFENDANT IS NOT STATE ACTORS WITHIN THE MEANING OF § 1983

There is also no basis whatsoever to conclude that the Complaint plausibly alleges that I was or am a "state actor" for purposes of liability under the Plaintiff's federal civil rights claims brought under 42 U.S.C. § 1983.

There is simply no specific allegation whatsoever that I was involved in any way in any deprivation of the Plaintiff's rights.

Moreover, there is no specific allegation that I in any way worked with any actual state actors who are behind Plaintiff's grievances. Accordingly, all the § 1983 claims against me should be dismissed as a matter of law.

## IV.    THERE IS NO BASIS FOR LIABILITY UNDER 42 U.S.C. § 1983 & 1985

The Plaintiff's claim for liability under 42 U.S.C. § 1983 and 1985 also fails as a matter of law.

Section 1985(2) contains two separate clauses. "The first makes it unlawful for two or more persons ... [to] conspire to deter, by force, intimidation, or threat, any party ... in any court of the *United States* from attending such court.'" *Simon v. City of New York*, No. 12-CV-1596 (CBA), 2012 WL 4863368, at *4 (E.D.N.Y. Oct. 11, 2012) (quoting 42 U.S.C. § 1985(2)) (emphasis in original). "The second clause makes it unlawful for 'two or more persons [to]

10

conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice *in any State* ... with intent to deny to any citizen the equal protection of the laws ..." *Id.* (emphasis in original).

"The first clause expressly involves conspiracies to obstruct justice in federal courts, while the second clause involves conspiracies to obstruct justice in state courts." *Id.*

"Unlike the first clause, which 'outlaws all interference with any person's attempt to attend federal court,' *Keating v. Carey*, 706 F.2d 377, 385 (2d Cir.1983), the second clause explicitly requires that conspirators' actions 'be motivated by an intent to deprive their victims of equal protection of the laws.'" *Id.* "This requirement has been interpreted to mean that plaintiff must allege discriminatory 'racial, ethnic, or class-based animus' motivating the conspirators' action." *Id.* (citing *Zemsky v. City of New York*, 821 F.2d 148, 151 & n. 4 (2d Cir.1987)).

Here, there is no allegation in the Complaint that the supposed conspiracy alleged by the Plaintiff had any connection whatsoever to any proceedings pending in federal court. Further, there is no allegation that the supposed conspiracy – as it relates to proceedings in state court – was motivated in any way by racial bias. Accordingly, the Plaintiff has failed to plead a claim under 42 U.S.C. § 1985(2). *See Simon, supra.*

Similarly, no facts or allegations are made to support any claim under 42 U.S.C. § 1985(3). Therefore, the Plaintiffs have failed to plead any claim.

## CONCLUSION

The Plaintiff's claims are thoroughly implausible and completely unsupported by any factual allegations. These are precisely the type of allegations prohibited by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Accordingly, and for all the foregoing reasons, each of the claims against the moving defendant should be dismissed pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6).

11

Dated: New York, New York
      May 6, 2019


Respectfully submitted,

AZRIEL KATZ, PRO SE.


/s/Azriel Katz.

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

ISRAEL SCHVIMMER

v.

RODERICK RANDALL

**CERTIFICATE OF SERVICE***

Docket Number: 22-2851

I, AZRIEL KATZ , hereby certify under penalty of perjury that
(print name)
on NOVEMBER 28, 2022 , I served a copy of T-1080 MOTION STATEMENT
(date)
NOTICE OF APPEARCE — AFFIDAVID NOT RECEIVED 2nd CLAIM NOT SERVED
MOTION TO DISMISS — DECLARAld (list all documents) IN SUPPORT— MEMORANDUM

by (select all applicable)**

___ Personal Delivery     ✓ United States Mail     ___ Federal Express or other
                                                        Overnight Courier

___ Commercial Carrier     ___ E-Mail (on consent)

on the following parties:

David E. Oles ESQ     5755 NORTH POINT PARKWAY     Alpharetta GA 30022
Name            Address            City      State     Zip Code

United States Court of Appeals     40 Foley Square     NY NY 10007
Name            Address            City      State     Zip Code

Name            Address            City      State     Zip Code

Name            Address            City      State     Zip Code

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

NOVEMBER 28, 2022
Today's Date

Signature

Case 22-2851, Document 47, 12/05/2022, 3433020, Page21 of 21

AZRIEL KATZ 407 MARCEY AVE 4-A
BROOKLY NY 11206

**CPU**

U.S. POSTAGE
$6.16
FCMF RDC 99
Orig: 11205
Dest: 10007
11/28/22
2000052511
R2304E105716
6W
02

Docket # 22-2851

United Court of Appeals

the 2nd Circuit

Thurgood Marshall U.S. Courthouse

40 Foley Square

New YORK N.Y. 10007



CERTIFIED MAIL

7022 0410 0003 1805 5208

USM SDNY
USM SDNY